Good morning everyone and welcome to the Ninth Circuit. Judge Nelson and I are happy to welcome Judge Oliver from the Northern District of Ohio who's braved the coronavirus to come out and help us here today. And I'd also like to recognize our Deputy Clerk Kelley Knox who it's her last day today and we thank her for her service and we wish her good luck in her future endeavors. Thank you. We will take the cases in the order on the day sheet. We have two cases submitted on the briefs. United States v. Clayton Buskirk is submitted and second United States v. Seung Hong and Hyunjoo Hong are submitted. And our first case for argument is United States v. Ezralee Kelley. Good morning, Your Honor. It's Matt Campbell for Ezralee Kelley. I'm going to try to reserve three minutes for a rebuttal. There are at least three fundamental problems with the government's arguments in this case. And the first is that the government's approach sanctions the erroneous calculation of the guidelines for Ms. Kelley. And it does so in a way that it cherry-picks which portions of this case and ignoring other portions of that. In essence, the government agrees that under 4B1.1 sub B, Ms. Kelley's guideline range is recomputed from a 37 based on a former stat max of life to a 34 based on the current accurate stat max of 40 years. However, the government implicitly argues that 4B1.1A, where it defines how someone qualifies as a career offender, should be ignored based on the previous determination that she had two prior crimes of violence. Isn't that what the the Fair Step Act requires that we go back in time and determine what the laws were that were applicable at the time with just one change? And that change is a revision to the statutory range of penalties? Why isn't that correct? Isn't that just following what the Fair Step Act says? Well, the First Step Act does say that the court should impose a sentence as if sections two and three of the Fair Sentencing Act were in effect. I agree with that. But nowhere within the First Step Act, Section 404, does it limit what else the court can consider. It doesn't authorize it either, does it? No, it does not explicitly say, but all other determinations remain in effect. However, by analogy, and this is another place where we disagree strongly with the guidelines reduction cases and case law, that section specifically is referenced in Guidelines 1B1.10. And in 1B1.10, it specifically says this is not a resentencing. Does the Fair Step Act reference 3582C? I saw that in your brief, but I didn't really see a relationship between the Fair Step Act and 3582C. It seems like a 3582C, as a whole, outlines the situations in which a court can revisit or modify a judgment. Right, but then the Fair Step Act has a completely separate situation and doesn't cross-reference 3582C. So it wasn't clear to me why we would look at 3582C at all. Well, 3582C1B specifies that a court can revisit a judgment where it's otherwise authorized by statute or federal criminal rules. Right, and so Congress then enacted the Fair Step Act, which gives its own instructions about revisiting a judgment. Correct. And it doesn't say we look at 3582C. So I just was curious why you thought they were connected. Your Honor, I think there's, admittedly, I think the connection is a limited one in that 3582C1B says if there's a statute that or a new sentencing or whatever, that's okay. That's one of the three scenarios set forth in C1B. But I agree that the operative provision here is Section 404 of the First Step Act. Right. And so we have, the government argues by analogy to, I guess it's 3582C2 with the change in the sentencing guidelines and the Supreme Court's direction in Dillon that we take this sort of two-step approach. But it's not directly applicable. It's more of an analogy. But given the as-if language in the Fair Step Act, that does seem to dictate a historical approach. Why is that not the case? Well, I think there's a fundamental problem with their analogy to 3582C2. Those sections are written distinct from one another, and they use important different terms within them. And by analogizing, the government is effectively saying, although 3582C1B and 3582C2 are written differently, they should be treated the same. So analogy to Dillon, but even taking 3582C out of the picture, which again, as I mentioned, it was hard for me to see what the connection was. We're still left with this as-if language, which suggests that the one change we make is interpreting it as the Fair Step Act being in place at that time. Well, I think that the... The Fair Sentencing Act. I apologize. Understood. But I think that the problem is that in this case, number one, the First Step Act, I agree. It doesn't say, and everything shall be recalculated. But if we look to other provisions, such as 3553A4, Supreme Court's decisions in lieu, Gaul, and other cases, it always says that at a sentencing, the first step is to calculate the guideline range accurately. And the problem that we have here is that the government's position amounts to calculating the guideline range inaccurately. Only if you... I mean, only assuming that you recalculate it based on current ranges. It's not inaccurate if it was based on what was in existence in 2008, with the one exception of the First Step Act. Well... Is it? This may be a... I understand Your Honor's point, and it may be a semantic game, but here we're not dealing with a statutory change. We're dealing with case law that recognized that certain offenses, namely conspiracy to deliver under Washington state law, don't qualify. And from a technical point of view, that means they never should have qualified. It's not that there was a change in the statute. It's just that conspiracy to deliver no longer a crime because Congress had changed the statute. So this kind of overrides the law generally, where you have to appeal something to get the benefit, or you have to file 2255. You're saying that this one statute, which was concerned about high drug quantities and so forth and reducing the penalties because the penalties were too high, that they had, as also part of their mission, their history, the history of this act, to let the person get total re-sentencing, where everything is reconsidered, you know, law decisions that had been made long ago, they just get a whole brand new slate? Was that the intent of the act? Your Honor, I think the point that I'm trying to make is slightly more narrow than that. The First Step Act was designed to give people access to the Fair Sentencing Act that otherwise didn't get it because it was considered not to be retroactive. And in that, they're entitled to a re-sentencing based on the lower mandatory minimums. But it is our position that they're entitled to an accurate re-sentencing. And what the government is proposing here is not accurate because, by all accounts, Ezra Lee Kelley is not a career offender. Now, I understand Judge Nelson's point. Well, let me ask it a different way because the way you answered my question made me think what you're really saying is your client should have had a re-sentencing regardless of the First Step Act because you're saying that basically the intervening case law said that particular guideline never actually meant that. And so, in theory, wouldn't you have been able to come back to the district court and say, hey, you wrongly applied that because it never meant that in the first place? I don't believe that we would have been able to because the Brown case was a circuit case that wouldn't have created a vehicle to get there, as opposed to, say, Johnson or something like that. So, the habeas claim, I think, is what Judge Nelson is suggesting, a collateral attack. We should never should have been, he should never should have been given this range or this sentence. But, in fact, the law doesn't work that way, right? It's rare that you can go back even if the case law has changed. There would have to be a vehicle to get you there, either a timely 2255... And your argument is the First Step Act provides that vehicle to take advantage of all intervening stuff. I think it's distinct. But, yes, the First Step Act provides a vehicle under Section 404. I'm going to reserve my remainder of time. Okay. I hear from the government. Good morning, Your Honors. May it please the Court. I'm Richard Barker for the United States. The issue in this case is a very, very narrow one. It just concerns whether Ms. Kelly is entitled to a de novo resentencing under Section 404B of the First Step Act. Even though resentencing under the Act itself is a plenary resentencing, and even though the Act itself is limited on its terms, limited to resentencing as if Sections 2 and 3 of the Fair Sentencing Act were in place. The cases that have considered the issue, the circuit courts that have considered this issue, have decided along the lines of the questions that this Court has already posed. You said circuit courts, or did you say courts? Because, as I understand it, there's only one, the Fifth Circuit. Is that right? The Fifth Circuit in Hedgewood addressed the issue in a published decision. The Sixth Circuit has addressed the issue, albeit in an unpublished decision. I filed a 28-J letter. I apologize for the timing. It was just yesterday that I mentioned the Sixth Circuit case. It's very annoying that they published, they put it into an unpublished disposition when it was clearly a new issue of law. I thought that as well. One reason they may have done it is they decided the case first in a decision called United States v. Alexander. In that case, the defendant appeared pro se, but then there was a subsequent case, United States v. Butler, which is what the government cited. I believe the counsel did represent the defendant in that case. Whether it's published or unpublished, it would be persuasive authority to this Court. I do think the rationale and the reasoning that's set forth in Butler that talks about the discretionary language is significant. Are there any circumstances in which additional factors could be taken into account at resentencing other than just the First Step Act in these circumstances? Our argument is that Ms. Kelly is not entitled to a plenary resentencing. I don't think the Court has to decide today that there's no circumstance under the sun where she couldn't do that. I understand that. For example, the hypothetical I was thinking about, she got a downward departure under 3553A the first go-around. What if she hadn't gotten the 3553A downward departure the first time? Would the District Court have been allowed to look at a 3553A downward departure the second time under resentencing? I know that's not an issue here, but I'm just trying to conceptually figure out how far the First Step Act may go. Well, the First Step Act, again, does not specifically discuss a plenary resentencing. The government's position is that it does not allow for it, except that Sections 2 and 3 of the Fair Sentencing Act would apply, and a resentencing as if those provisions were in place. Well, but if it's a provision that was in place, here what's unique is they're asking the District Court to apply some intervening change. But if there was a factor that was in existence in 2008, but either hadn't, you know, either hadn't been considered or had been considered and rejected, would that fall within a plenary resentencing that would be precluded by the First Step Act? I'm not certain that it would. The Sixth Circuit in his decision did indicate, in fact, that it's discretionary and implied that there may be some circumstances where the court may have to go back. As you've said, Judge Nelson, it's not an issue in this particular case. But the problem is, if it's discretionary, that's where I'm concerned, because if the position is it's discretionary, that opens up a gate that, you know, in future cases could be debated about how far that door's really opened up. So, I mean, I don't know whether we need to decide categorically. You're right, we don't need to decide it for the purposes of this case, but is it something we find when we're deciding this question? I think it is. I think it is an issue that's certainly going to arise again. And the cases so far seem to suggest that some reconsideration can be given to factors that weren't there. We're not talking about statutory, I mean, not legal changes, but it's clear in this case that in terms of 3553A factors that the judge considered some additional things in terms of rehabilitation defendant. It's also clear that when you go from one range to another, that you're then in a thicket, because when you entered a sentence the first time, you may have given a sentence based on the fact the range was way too high and you went to a certain place, and now you've got a different range. And there's nothing to tell you where to come out in the range. So, clearly, it's not, it doesn't happen automatic. There's no way to do this automatically. Right, and the First Step Act itself is silence with respect to certain of those points, and it certainly does raise issues that may come in the future. The rehabilitation, that would have come up separate and apart from, I mean, there was a downward departure that's available to anyone for rehabilitation, isn't there? That wasn't tied to the First Step Act, or was it? I think Judge Succo's, the way that he decided it at the district court level, as I believe he was looking at it perhaps from a First Step Act perspective, but whether he was looking at it from the First Step Act perspective or looking at it more broadly, a number of different courts have reasoned and concluded that the First Step Act does permit post-conviction conduct to be taken into account when deciding whether to grant the discretionary relief that is afforded under the First Step Act. If we're just going back in time, which is what the theory is for why you don't do a plenary re-sentencing or look at current case law, are you making a distinction between going back in time as to legal rulings versus going back in time as to factual developments? Because if you can consider factual developments that occurred after the original sentencing, why can't you also look at the original sentencing? And I do think that, again, the court doesn't have to decide the issue to resolve this particular case because that, again, the court could find that Ms. Kelly simply was not entitled to a plenary re-sentencing and reconsideration of factual and or legal things that have happened since her incarceration in this case, and also since her release in this case, is whether she's entitled to consideration of the fact that she no longer would be a career offender if she had been sentenced previously. That's really the narrow issue we have, isn't it? I would agree. Yes, Your Honor, that is the narrow issue that's before the court at this time. And I would also note that the theories of statutory interpretation that the defense espouses in this case, including, for instance, the omitted case canon, that is, what is in the text does not provide, what the text does not provide is not provided. I think that actually cuts in favor of the government's argument in this case. There's nothing in the text that mandates or even mentions a plenary re-sentencing. Similarly, the First Step Act is so clear, it says that nothing shall be construed to require a court to impose any reduced sentence. I think all of that cuts in favor of the government's position that Ms. Kelly simply was not entitled to a reconsideration of all these factors under the First Step Act, a reconsideration of the guidelines range. Perhaps there was some discretion that that would be afforded. I know in at least one district court case, the judge had actually left the bench and the new judge had stepped in and had really no semblance of what that case was about and wanted to have a hearing so that he could understand and hear from the indicated that he was going to have a hearing, I believe, in the order and I can provide that authority, a supplemental authority, if the court would like me to do so. But a hearing is quite different than making a determination that there will be a plenary, as we say, re-sentencing. I think judges often, when they get these situations, call the parties back to the court with a fresh precedence investigation report, but they don't necessarily reconsider everything. Correct, Your Honor. Yeah. And the question is whether you would reconsider the defendant was not a career offender and in this case there was nothing entitling the defendant to that type of relief. If there are no further questions from the court... Let me just make sure I understand your position. You're saying nothing entitled the defendant to a plenary reconsideration, but nothing precludes the district court from doing that. Is that your position? It's not, Your Honor. The government's position is that the court should follow the decision in Hedgewood and there's a Fourth Circuit decision, again, it's unpublished, it's versus Brooks, and I can give you the site for that. It's 788 F Appendix 213, which adopted the reasoning in Hedgewood. Why are no other courts publishing on this issue? Is it because they're concerned about whether they're right? I don't think that's the case. I think that often, and when I was a Ninth Circuit law clerk, the decision to not publish a case was typically made because Judge Wallace believed, or the panel believed, that it didn't make sense to publish that because it was not some earth-shattering area of the law, or perhaps it was not something that just warranted that type of publication. I'll talk to Judge Wallace about this. Okay, thank you. Thank you, Your Honors. I just want to touch on a few quick bullet points. One disagreement that we have with the government is the government's phrase that the First Position, the First Step Act, is not silent. It uses the word impose, and as we had referenced . . . Impose doesn't seem to get you there. I mean, what I'm more troubled by is I came in thinking as if only allowed the First Step Act considerations, and now the government seems to have opened the door slightly. So, I mean, I'd be interested in your view. Is there a distinct . . . once you've opened that door, where's that distinction between what you can consider and not, and why would your client be able to benefit from that? Well, I do think that door was open even before the government opened it because the Supreme Court, for example, says that under Pepper, you're allowed to consider post-defense rehabilitation, and nobody seems to be saying that in making these discretionary reviews . . . That was my question earlier. I thought you could consider rehabilitation separate from any new resentencing. I thought that was always something, but maybe I misunderstood. Well, you would need a vehicle to get there, and the First Step Act would provide the vehicle, but I don't think that would be a point that anybody could take, and I think that is, if the court has discretion to decide whether or not to give a reduction, it has to have a framework to exercise that discretion. Post-defense rehabilitation would be part of that framework, but I think another important part of the framework is, is the current sentence above the guideline range, and that is our primary position here, that even in exercising discretion, Judge Succo had to be able to consider what the guideline range is, and when you consider what the guideline range is, you should be considering what the done, because everybody agrees, she's not a career offender. I'm out of time. Thank you. We thank both sides for their argument. The case of the United States, Viezra Lee Kelly, is submitted.
judges: Ikuta, R. Nelson, Oliver